

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-1-2005

# Dunsmuir v. May Dept Stores Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1413

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Dunsmuir v. May Dept Stores Co" (2005). *2005 Decisions*. Paper 1523.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1523

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-1413

WILLIAM DUNSMUIR,
Appellant

v.

MAY DEPARTMENT STORES COMPANY

On appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3:CV-01-1891
District Judge: The Honorable Thomas I. Vanaskie, C.J.

Submitted Pursuant to LAR 34.1(a)
January 21, 2005

Before: ALITO, McKEE, and SMITH, *Circuit Judges*

(Filed: February 1, 2005)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

In a one count complaint, William Dunsmuir alleged that his former employer, the

May Department Stores Company, wrongfully discharged him in retaliation for pursuing

a claim for workers' compensation benefits after sustaining an injury at the distribution

facility where he  worked.  The District Court granted the May Department Stores'

summary judgment motion.[1]  We will affirm.

Our review of the denial of a motion for summary judgment is plenary.  *Rivas v. City of Passaic*, 365 F.3d 181, 193 (3d Cir. 2004).  We "apply the same standard that the District Court should have applied."  *Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 276 (3d Cir. 2001).

Dunsmuir, a maintenance engineer at a May Department Stores distribution facility, fractured his right arm on May 23, 2000 when the top step of a stepladder broke while he was on it.  He was treated that day at a local hospital and visited the following morning by two of his superiors, Eric Fritz and Rick Cheevers.  Cheevers allegedly told Dunsmuir that he did not want Dunsmuir to pursue workers' compensation benefits.  Instead, Cheevers encouraged Dunsmuir to use his sick and personal time.  Dunsmuir was not receptive to this suggestion.

Notice of the fact that Dunsmuir had been injured, however, had been provided to the Eastern Regional Claims Office for May Department Stores on the very day he was injured.  As a result, Dunsmuir received workers' compensation benefits effective the following day, May 24, 2000.  Those benefits were terminated upon Dunsmuir's return to work on June 26, 2000.

Thereafter, Dunsmuir committed several safety violations: repeatedly crossing a moving conveyor system; stepping momentarily upon a wheeled cart to elevate himself to

---

[1]The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

a motor on which he was working; and stepping down onto the top step of a tall ladder. He was disciplined for the first two violations and was discharged on February 20, 2001, after the third violation.

Dunsmuir contends that he was wrongfully discharged in February 2001 because he pursued and collected workers' compensation benefits for the injury he sustained in May 2000. In *Shick v. Shirey*, 716 A.2d 1231, 1238 (Pa. 1998), the Pennsylvania Supreme Court held that a "cause of action exists under Pennsylvania law for wrongful discharge of an employee who files a claim for workers' compensation benefits." Although the Pennsylvania courts have yet to enumerate the elements of this cause of action, several federal district courts in Pennsylvania have analogized this cause of action to a retaliatory discharge claim under Title VII. *See Landmesser v. United Air Lines, Inc.*, 102 F.Supp.2d 273, 277-78 (E.D. Pa. 2000); *see also Christman v. Cigas Machine Shop, Inc.*, 293 F.Supp.2d 538, 543 (E.D. Pa. 2003); *Kennelly v. Pennsylvania Turnpike Comm'n*, 208 F.Supp. 2d 504, 517 (E.D. Pa. 2002). This approach is sound in our view. Thus, an employee must establish: (1) that he engaged in protected activity; (2) that he suffered an adverse employment action either after or contemporaneous with the protected activity; and (3) that there is a causal connection between his protected activity and the employer's adverse action. *See Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 187 (3d Cir. 2003). If the employee is able to show these elements, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its action. *Id.* If

3

the employer satisfies this burden, the employee may defeat summary judgment by discrediting the proffered reason or adducing evidence to demonstrate that retaliatory animus was a motivating factor in the employer's decision. *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994).

Here, the District Court concluded: (1) that Dunsmuir had failed to establish the prima facie element of causation; and (2) that, even if a prima facie case had been demonstrated, Dunsmuir had not demonstrated that May Department Stores' legitimate nondiscriminatory reason for discharging him was pretextual. We agree. With respect to the element of causation, we find it significant, as the District Court pointed out, that the decision to terminate Dunsmuir was made by Stephen Zirnheld, the Vice President of Distribution and manager of the distribution facility, who had no knowledge of Dunsmuir's previous receipt of workers' compensation benefits. The notice to the claims department of Dunsmuir's injury on the very day of his accident further attenuates any inference of causation between Dunsmuir's collection of benefits and his subsequent termination. In light of these circumstances, Cheevers's statement nine months earlier that Dunsmuir should refrain from pursuing a workers' compensation claim was nothing more than a stray remark that is insufficient to support a claim of retaliatory discharge. *See Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 521 (3d Cir. 1997) (finding stray remarks by non-decisionmaker insufficient to support an inference of discrimination).

We also agree with the District Court that Dunsmuir failed to establish that the

4

reason for discharging him was pretextual. We recognize that Dunsmuir's expert opined that May Department Stores' safety program was inadequate because it failed to identify, evaluate and control safety hazards and to communicate this information to its employees. In light of these inadequacies, the expert concluded that Dunsmuir did not violate any specific safety rule and that May Department Stores was to blame for Dunsmuir's actions. This conclusion, however, ignores that the evidence established that May Department Stores was concerned with safety at its distribution center and regularly discussed safety concerns with its staff. It is also undisputed that Dunsmuir committed the safety violations for which he was disciplined and that his actions were a genuine risk to his well-being. Thus, the expert's report merely challenges the wisdom of discharging Dunsmuir under the circumstances. It does not cast doubt on the employer's articulated reason for discharging Dunsmuir. As *Fuentes* instructs, an employee does not discredit his employer's proffered reason by showing that it was wrong or mistaken. 32 F.3d at 765. That is because the dispositive issue is whether retaliatory animus motivated the employer's decision. *Id.*

For the foregoing reasons, we will affirm the judgment of the District Court.

5